*held* that it was erroneous also for the reason that it called upon the court to hold that the statute was complied with if more than one means of egress were provided for, and such means of escape were plainly marked and free from any obstruction.

8. APPEAL AND ERROR, § 1463*—*when refusal to exclude testimony harmless.* Refusal of court to strike out testimony of a witness and refusal to instruct the jury to disregard the same on the ground of its incompetency, *held* not prejudicial where the admission of the testimony could not have harmed the complaining party.

---

## Alice G. Roherty, Administratrix, Plaintiff in Error, v. Chicago Railways Company, Defendant in Error.

### Gen. No. 19,628.   (Not to be reported in full.)

Error to the Circuit Court of Cook county; the Hon. ADELOR J. PETIT, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1913. Reversed and remanded. Opinion filed October 8, 1914.

### Statement of the Case.

Action by Alice G. Roherty, administratrix *de bonis non* of the estate of Hugh D. Roherty, deceased, against Chicago Railways Company to recover damages for wrongfully causing the death of plaintiff's intestate. The death of the deceased was claimed to have resulted from one of defendant's cars running into a wagon in which he was riding at the time he was crossing the tracks of defendant at a street intersection. A trial was had before the court and a jury and a verdict was returned in favor of defendant. To reverse the judgment entered on the verdict, plaintiff prosecutes a writ of error.

GEORGE H. MASON, for plaintiff in error.

PHILIP ROSENTHAL and ALFRED B. DAVIS, for defendant in error; JOHN R. GUILLIAMS and FRANK L. KRIETE, of counsel.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Roberty v. Chicago Railways Co., 189 Ill. App. 139.

MR. JUSTICE SCANLAN delivered the opinion of the court.

## Abstract of the Decision.

1. TRIAL, § 130*—*when remarks of counsel improper and prejudicial.* Where, on cross-examination of one of defendant's witnesses, plaintiff's counsel brought out the fact that he had talked with the witness in the corridor of the court, and that the witness after being informed that counsel represented plaintiff refused to tell him what he knew about the facts of the case, and defendant's counsel in his argument to the jury persisted, after objections sustained thereto, in arguing that the purpose of counsel for plaintiff in talking with the witness was to induce him to change his testimony, *held* that the remarks of counsel were highly improper as the evidence did not sustain the charge made against plaintiff's counsel, and *held* that the remarks were prejudicial.

2. TRIAL, § 47*—*when remarks of court prejudicial.* A remark of the trial judge intimating that counsel for plaintiff was wasting time in asking a certain question of defendant's witness on cross-examination, and after exception taken to the remark, a further remark to plaintiff's counsel that at the conclusion of the trial he would expect counsel to wait until he had an opportunity to discuss further the matters of his objection, *held* prejudicial as tending to unduly disparage plaintiff's counsel in the eyes of the jury, it appearing that the question asked on cross-examination was proper, and that the jury would have understood from the language used by the court, that plaintiff's counsel was not only wasting time but that he was disrespectful in his conduct towards the court, and that the court was intimating that he would punish him for contempt at the conclusion of the trial.

3. WITNESSES, § 283*—*when permitting improper cross-examination prejudicial.* In an action for wrongful death, permitting counsel for defendant to ask questions of one of plaintiff's witnesses on cross-examination for the purpose of showing that the witness, a married man, was living with a woman other than his wife in a state of adultery, *held* prejudicial error.

- *See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.